## John H. Gross, Jr., v. Mifflin S. Kincaid, Appellant.

*Contracts—Sale of real estate—Commissions—Brokers—Power of attorney—Principal and agent—Construction of written instrument.*

Letters of attorney are subjected to a strict interpretation, and the authority conferred is never extended beyond that which is given in express terms, or which is necessary and proper to carry into effect that which is expressly given.

Where the owner of real estate gave a letter of attorney authorizing the attorney in fact to make and acknowledge contracts and deeds, but containing no power to sell the real estate in question, and the attorney in fact entered into a contract with a real estate broker wherein he agreed to pay certain commissions for the sale of the said real estate, the said real estate broker cannot recover commissions for making a sale.

Whoever deals with an agent constituted for a special purpose deals at his peril when the agent passes the precise limits of his power.

Where a written instrument contains general terms giving general authority to act concerning the property described therein, and later enumerates certain special acts which may be performed, the subsequent specification will be regarded as a limitation upon the general words, and the authority will be confined to action within the scope of the enumerated objects unless a broader purpose is manifest.

Argued April 24, 1924.    Appeal, No. 109, April T., 1924, by defendant, from judgment of C. P. Lawrence Co., March T., 1921, No. 57, on verdict for plaintiff in the case of John H. Gross, Jr., v. Mifflin S. Kincaid.    Before ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.    Reversed.

514, (1924).]    Arguments—Opinion of the Court.

Assumpsit to recover commissions alleged to have been earned in the sale of real estate.  Before EMERY, P. J.

The facts are stated in the opinion of the Superior Court.

The jury rendered a verdict in favor of the plaintiff in the amount of $1,760.75, and judgment entered thereon. Defendant appealed.

*Error assigned* was, among others, the refusal to give binding instructions for the defendant.

*J. Norman Martin,* of *Martin and Martin,* for appellant.—The power of attorney did not empower the attorney in fact to sell the land, to make contract of sale, to appoint a subagent, or to agree to pay commissions, and must be strictly construed:  Campbell v. Foster Home Association, 163 P. S. 609;  Deputron v. Young, 134 U. S. 241;  Union Trust Company v. Means, 201 P. S. 377.

*James A. Chambers,* and with him *George W. Muse,* for appellee.

OPINION BY GAWTHROP, J., July 2, 1924:

This is an action of assumpsit to recover commissions for procuring a purchaser of certain real estate of defendant.  From the judgment entered on a verdict for plaintiff comes this appeal.  The view we entertain of the case makes it necessary to consider only the assignments based upon the refusal of the court below to give binding instructions for defendant.  The facts material for our consideration are as follows: Defendant, being the owner of a lot of land, with a two-story brick garage erected thereon, in the City of New Castle, leased the same to three persons trading as Smith-Foster Motor Car Company, hereinafter called "Motor Company," for the term of three years from April 1, 1919, with an option to purchase the property at any time during the term for

a cash price of $24,000, or for $25,000, part in cash and part in deferred payments secured by bond and mortgage. In April, 1920, defendant and his wife, who lived in Chicago, gave to E. F. G. Harper, an attorney-at-law, a power of attorney duly executed and acknowledged, authorizing him in their behalf "to do and perform all matters and things, transact all business, make, execute and acknowledge all contracts, orders, deeds, writings, notices, assurances and instruments which may be requested or proper, to effectuate any matter or thing appertaining to or concerning our property," describing the property under lease to the Motor Company. After receiving the power of attorney, Harper read it to plaintiff, exhibited to him the lease between defendant and the Motor Company and promised to pay him a commission of 5% if he would secure a purchaser for the property at $32,500. It was further agreed between them that if the Motor Company should exercise their option of purchasing the property, the same commission would be paid to plaintiff. Subsequently plaintiff procured as a purchaser for the property at $32,500, one Rigby who entered into articles of agreement with Harper, attorney in fact, on April 19, 1920, to purchase the property at the price named and paid $500 to Harper on account of the purchase price. Immediately thereafter Harper gave notice of this contract of sale to the Motor Company. On April 20, 1920, the Motor Company gave notice to defendant that they elected to purchase the property under the option in their lease. On June 1, 1920, Kincaid and wife delivered to the Motor Company a deed for the property for the consideration of $25,000. This suit followed. The defense was that Harper, as attorney in fact, had no authority to sell the property or to employ plaintiff to procure a purchaser therefor.

After careful study of the case and the most serious consideration of the arguments of the learned counsel on both sides, we are constrained to hold that the power of attorney given to Harper did not authorize him to

make a sale of the property. Letters of attorney are subjected to a strict interpretation and the authority conferred is never extended beyond that which is given in express terms, or which is necessary and proper to carry into effect that which is expressly given: Campbell v. Foster Home Assn., 163 Pa. 609. The agent is bound to obey the instructions of his principal to the letter: Union Trust Co. v. Means, 201 Pa. 374. Whoever deals with an agent constituted for a special purpose deals at his peril when the agent passes the precise limits of his power: MacDonald v. O'Neil, 21 Pa. Superior Ct. 364. The instrument now in question contains no express authority to "sell" real estate. After granting the agent authority in general terms to "perform all matters and things," and "transact all business" concerning the property described, it enumerates certain special acts which may be performed. This specification will be regarded as a limitation upon the general words and the authority will be confined to action within the scope of the enumerated objects unless a broader purpose is manifest: Califf v. First National Bank, 37 Pa. Superior Ct. 412. While the acts specially enumerated include the making and acknowledging of contracts and deeds, there is a limitation to "instruments which may be requested or proper to effectuate any matter appertaining to......our property." It may well be asked: "Requested by whom?" The answer is: "The owner of the property." In order that an agent may have authority to sell real estate, such authority should be clearly and distinctly given to him, in such manner that a reasonably prudent person would have no hesitation in saying that such a power was given. If defendant intended to authorize Harper to sell and convey the property, he could and should have manifested that purpose by words reasonably plain in meaning. He utterly failed to do so. The instrument gave the attorney in fact no power to sell the real estate. Therefore, the question whether a naked power to sell real estate includes the authority to employ an agent to procure a

purchaser is not involved. It cannot be seriously contended that the letter of attorney gave Harper any specific authority to employ an agent to secure a purchaser for the real estate. Defendant's point for binding instructions should have been affirmed. The twelfth and fifteenth assignments of error, complaining of the refusal of that point, and the refusal to enter judgment n. o. v., are sustained.

The judgment is reversed and here entered for defendant.