## Shamokin Packing Co. v. Kehler's Estate

*Louis Cohen*, for plaintiff.

*Robert V. Moser* and *H. Franklin Kehler*, for defendant.

MORGANROTH, P. J., January 13, 1941.—Decedent in his will named his three sons as executors, and one of them, John, without any direction in the will, continued to conduct the grocery store which for a long number of years had been operated by the father. Without the

knowledge of the other two executors, John executed a note with confession of judgment in favor of plaintiff. The note was entered and execution issued thereon. Subsequent to the signing of the note, John died. Frank, one of the remaining executors, presented his petition praying that the judgment be opened and defendant permitted to defend, and a rule to show cause was accordingly granted.

The sole question is whether or not one of the executors could properly confess a judgment against the estate without the knowledge or joinder of the other two executors. This question must be resolved in the negative.

It is well settled that an executor, in the absence of any direction in the will, has no authority to bind the estate for which he acts by the execution of a note: 21 Am. Jur. 507. While one of several executors may transfer personal property of a decedent for value by way of sale or pledge, and the transferee will take a good title thereto, unless he has knowledge, actual or constructive, of facts which put him on inquiry, as to whether the transaction is one made in course of the administration of the estate and for its benefit (Schell v. Deperven, 198 Pa. 600, 603), and while one executor may receive a debt due, employ counsel, dispose of assets of the estate for value, or perform many other acts tending to promote the objects of the trust confided by the testator, one of three acting executors cannot bind the estate by a confession of judgment, without the assent of his coexecutors: Karl v. Black's Execs., 7 Pitts. 34; Hall v. Boyd, 6 Pa. 267; Heisler v. Knipe, 1 Browne 319; Witmer v. Miller, 9 Lanc. L. R. 307.

Especially in this case the executor John was without authority to execute a promissory note with confession of judgment against the estate, for the reason that on October 30, 1935, the other two executors executed a power of attorney authorizing John specifically to draw checks against the account of the A. J. Kehler estate in the Citizens National Bank of Ashland, to endorse notes, checks,

drafts or bills of exchange which may require endorsement for deposit or collection in that bank, and do all lawful acts requisite for managing and controlling that said account. The power of attorney goes no further. It is some evidence that his coexecutors did not give John authority, either express or implied, to confess judgment against the estate or to conduct the store as he saw fit.

Letters of attorney are to be strictly construed and special powers given are not to be enlarged unless clearly so intended: Schenker v. Indemnity Insurance Company of North America et al., 340 Pa. 81.

And now, January 13, 1941, for the reasons hereinabove given, rule absolute.