## White et ux. v. Stranahan, Harris & Co., Inc., et al.

*Geary & Rankin,* for plaintiffs.

*R. Winfield Baile,* for defendant, Stranahan, Harris & Company, Inc.

SHULL, P. J., forty-third judicial district, specially presiding, February 5, 1942. — This matter comes before the court upon a rule to show cause why the service of this bill in equity should not be set aside and proceedings quashed as to Stranahan, Harris & Company, Inc., petitioner.

The facts in the case are:

1. That George E. White et ux. filed their bill in equity on March 27, 1941, to no. 325, March term, in the Court of Common Pleas of Delaware County,

2. That on June 24, 1941, a copy of said bill of complaint was served upon the Pennsylvania Securities Commission and on June 26th the Pennsylvania Securities Commission forwarded the same to Stranahan, Harris & Company, Inc., defendant, at its New York office.

3. That Stranahan, Harris & Company, Inc. is a foreign corporation, existing under the laws of the State of Ohio, with its principal office in the City of Toledo in the State of Ohio.

4. That this defendant is not now registered to do business in the Commonwealth of Pennsylvania and has not been registered with the Pennsylvania Securities Commission other than it might have been for the period from April 1927 to the expiration of its registration under the provisions of The Securities Act of April 13, 1927, P. L. 273, which became effective May 13, 1927.

5. That this defendant was registered under The Securities Act of June 14, 1923, P. L. 779, as required by that act, and executed and delivered a power of attorney, in accordance with the provisions of the act, in the following form:

"Know All Men by These Presents, That the undersigned, Stranahan, Harris & Oatis, Inc., a corporation, being an applicant for the registration under the provisions of 'The Securities Act', approved the 14th day of June, A. D. one thousand nine hundred and twenty-three, does hereby appoint the Secretary of Banking of the Commonwealth of Pennsylvania, and his successors in office, to be its true and lawful attorney and authorized agent upon whom all lawful process may be served in any proceeding against it in the proper court of any county of Pennsylvania in which the cause of action may arise, or in which the plaintiff may reside; and the said applicant does hereby agree that such service of process shall be taken and held in all courts to be as valid and binding as if due service had been made upon

it according to the laws of Pennsylvania, or any other state.

"This appointment and authority of said agent are irrevocable.

"In Witness Whereof, the above named applicant has caused this instrument to be signed at Toledo, O., on the 19th day of April, A. D. 1927.

STRANAHAN, HARRIS & OATIS, INC.,
John S. Harris, Vice President
Robert S. Mikesell, Act. Sec."

6. That, on June 24th, service was made upon the Pennsylvania Securities Commission, of which this defendant was duly informed.

7. That, on August 7, 1941, service of this bill was made upon the Pennsylvania Securities Commission, of which this defendant was duly informed.

8. That, on September 12, 1941, service of this bill was made upon the Secretary of Banking of Pennsylvania, of which this defendant was duly informed.

Upon these facts, this defendant asks the service be set aside and the proceedings be quashed. This presents two questions:

1. Is a service made in 1941 upon the Securities Commission of Pennsylvania a valid service on a foreign corporation not registered under The Securities Act of April 13, 1927, P. L. 273, or The Pennsylvania Securities Act of June 24, 1939, P. L. 748, by reason of a power of attorney duly executed and filed in compliance with The Securities Act of June 14, 1923, P. L. 779, which authorizes service on the corporation by service upon the Secretary of Banking of the Commonwealth of Pennsylvania and his successors?

2. Is the service upon the Secretary of Banking of the Commonwealth of Pennsylvania made in 1941 a valid service on a foreign corporation which had, in 1927, prior to the date on which the Securities Act of 1927 became effective, registered under the Securities Act of 1923 and at such registration executed and delivered a power of attorney, as required by the Act of

1923, authorizing service upon it to be made by service upon the Secretary of Banking of the Commonwealth of Pennsylvania or his successors?

Counsel, in presenting this matter, cite no precedent nor are we aware of any precedent.

As to the first question, it would first present the question of determining the extent of the agency or authority conferred by this power of attorney. The legal rule in Pennsylvania governing the construction of such instruments is now, and long has been, that "letters of attorney are to be construed strictly, and when special powers are given they are not to be enlarged unless clearly so intended": Schenker v. Indemnity Insurance Company of North America et al., 340 Pa. 81. As a consequence, we cannot feel that a power of attorney authorizing service upon the Secretary of Banking of the Commonwealth of Pennsylvania could be so construed as to include an authorization of service upon the Pennsylvania Securities Commission and thus make valid as against this defendant a service upon the Pennsylvania Securities Commission. And again, this power of attorney was executed and filed in compliance with the provisions of The Securities Act of 1923, and with the repeal of that act by the Act of 1927 all rights and powers under this power of attorney expired except as provided in the saving clause of the repealing act. We cannot picture that it was within the legislative intent in the requiring of the execution and filing of this power of attorney under the Act of 1923 that, regardless of a repeal of the act, a general power of attorney should continue to be in effect during the entire existence of the grantor and thus make this grantor amenable to process issuing from the courts of this Commonwealth notwithstanding the grantor be a foreign corporation, nor would it be within the power of the legislature so to do.

And now, February 5, 1942, rule to show cause why service upon Stranahan, Harris & Company, Inc., as

made June 24th-26th on the Pennsylvania Securities Commission and on August 7 and September 12, 1941, upon the Pennsylvania Securities Commission and the Secretary of Banking of this Commonwealth, should not be set aside is made absolute and the service in each instance is set aside; and, as to quashing the proceedings, rule is dismissed.