## Patmore v. Lizotte

*Wayde P. Seidensticker,* for plaintiff.
*Daniel W. Shoemaker,* for defendant.

BUCKINGHAM, *J.,* February 22, 1977 — In this case, plaintiff, who resides in Massachusetts, filed a complaint in trespass on December 30, 1976,

against defendant, who resides in York County, Pennsylvania, seeking to recover $481.72 for damages to plaintiff's automobile which resulted from a collision with defendant's motor vehicle on a Pennsylvania highway on April 21, 1973. Defendant has filed preliminary objections to the complaint on the grounds that the suit is barred by a two-year statute of limitations, that the affidavit to the complaint indicates that plaintiff personally appeared before the notary public whereas it was plaintiff's attorney-in-fact who signed and that the power of attorney attached to the complaint does not give the attorney-in-fact power to sign the affidavit. The preliminary objections must be dismissed.

Although there are no appellate court cases, it has been held by a number of lower courts, we believe correctly, that the statute of limitations applicable to personal property damage is six years, not two, under the Act of March 27, 1713, 1 Sm. L. 76, sec. 1, 12 P.S. §31: Walters v. Burch, 101 Pitts. L. J. 322 (1952); Nichols v. Uhl, 76 D. & C. 399 (Elk Co. 1951); Kane v. Pursley, 32 Del. Co. 410 (1943). See generally 22 P.L.E. 425, §31.

The second objection is likewise without merit. It is true that the affidavit shows that plaintiff personally appeared before the notary public but the verification indicates clearly that it was signed by plaintiff's attorney-in-fact. This mistake on the part of the notary public is not an important one if an attorney-in-fact may under Pa. R.C.P. 1002 and 1024 execute the verification for his principal, who is one of the parties.

In Fortney v. Sunbury Foods, Inc., 37 D. & C.2d 483 (Northumberland County 1965), it was held

that as a general proposition an attorney-in-fact may execute the verification of a pleading for and on behalf of his principal. Accordingly, the verification of a complaint by plaintiff's attorney-in-fact was permitted to stand. We are satisfied that the view expressed in Fortney is the correct one which leads us to the third question of whether the plaintiff's attorney-in-fact in the present case was authorized under the power of attorney attached to the complaint to execute the verification in the complaint.

The power of attorney reads: "Know all men by these presents that We, DARNA DUFOUR (PATMORE) and PAUL PATMORE, now of Ashby, Middlesex County, Massachusetts, do for ourselves, individually and/or jointly, hereby make, constitute and appoint EMILE R. DUFOUR of Ashby, Middlesex County, Massachusetts our true and lawful attorney in fact for us and in our names, or either of them, place, and stead, giving unto the said EMILE R. DUFOUR full power to do and perform all and every act that we may legally do through an attorney in fact, and to have every proper power necessary to carry out the purposes for which this power is granted and we hereby ratify and affirm that which the said EMILE R. DUFOUR may lawfully do or cause to be done by virtue of the power herein conferred upon him, especially pertaining to signing checks on our account at the Fitchburg Savings Bank, Fitchburg, Massachusetts."

Defendant argues that since the general grant of authority is followed by a specific grant of authority to sign checks on plaintiff's bank account, the agent's authority is limited to signing such checks. We disagree.

Defendant has correctly stated the general law in his brief which is that the authority expressly granted an agent should be strictly construed, and a power of attorney, letter of attorney or agent's written authority should be strictly interpreted confining the authority to that which is given in express terms or necessary and proper to carry it into effect unless the contrary is clearly intended: Schenker v. Indemnity Insurance Company of North America, 340 Pa. 81, 16 A.2d 304 (1940); Solis v. Harr, Sec'y of Banking, 325 Pa. 100, 188 Atl. 845 (1937); Culbertson, Receiver v. Cook, 308 Pa. 557, 162 Atl. 803 (1932); Cardon's Estate, 278 Pa. 153, 122 Atl. 234 (1923); Campbell v. Foster Home Association, 163 Pa. 609, 30 Atl. 222 (1894); Duncan v. Hartman, 143 Pa. 595, 22 Atl. 1099 (1891); Gross v. Kincaid, 83 Pa. Superior Ct. 514 (1924). See generally 1 P.L.E. 544, §93.

Between two constructions, one of which enlarges the powers and the other of which restrains them to the language used, a court will adopt the latter construction: Stokes v. Dewees, 24 Pa. Superior Ct. 471 (1904).

However, strict construction of powers of attorney does not militate against the existence of broad discretionary powers. Powers expressly granted will not be restricted by implication nor will a construction be made which will effectively defeat the purpose of the agency: Nuzum v. Spriggs, 357 Pa. 531, 55 A.2d 402 (1947).

Lastly, where the power of attorney first refers to special powers and later refers to general powers, the general words must be restricted to the transactions out of the special business to which the power of attorney first referred: Mott v. Kaldes, 288 Pa. 264, 135 Atl. 764 (1927); Zidek v. Forbes

National Bank, 159 Pa. Superior Ct. 442, 48 A.2d 103 (1946); Califf v. First National Bank of Towanda, 37 Pa. Superior Ct. 412 (1908). It is arguable that where the reverse is true, as in the present case, where the general powers come first and, the special powers come last, the principal intended the special powers not to limit the general powers.

In studying the power of attorney involved here, it is to be noted that the power of attorney does not start out by referring to any special powers. To the contrary, there is initially given to the agent broad general authority to do and perform *all and every act which the principals could legally do through an attorney-of-fact.* It is only at the end, in an apparent effort to emphasize at least one of the areas in which the attorney could act, that the instrument refers especially to the check-signing authority. We are persuaded that this last reference to the checks does not preclude the attorney-in-fact from acting for his principal in any other area than the checks. Accordingly, we hold that he could lawfully execute the verification for the plaintiff. In view of all the foregoing we shall enter an order dismissing the defendant's preliminary objections to the complaint.

## ORDER

And now, February 22, 1977, the preliminary objections of defendant to plaintiff's complaint are overruled and dismissed with leave to defendant to file an answer to the complaint within 20 days of the date of this order. An exception is granted to defendant.