KING OF PRUSSIA ENTERPRISES
INC., t/a Valley Forge Hilton Hotel

v.

LOYAL TRAVEL, A Division of
Greyhound Lines, Inc.

Civ. A. No. 76–3924.

United States District Court,
E. D. Pennsylvania.

Nov. 23, 1977.

Michael H. Yanoff, Norristown, Pa., for plaintiff.

Dean F. Murtagh, Philadelphia, Pa., for defendant.

## MEMORANDUM

DITTER, District Judge.

Plaintiff brought this action against Loyal Travel and Greyhound Lines, Inc., alleging the breach of an oral contract. Presently before the court is Greyhound's motion to dismiss the complaint or alternatively to grant summary judgment in its favor. Because I find factually disputed issues which are material, this motion must be denied.[1]

Plaintiff alleges that on or about February 1, 1976, Loyal Travel, acting through its manager, Jose C. Ros, entered into an oral contract with Valley Forge Hilton, acting through its general manager, Milo Hamza, for hotel accommodations covering the period from July 31 to August 9, 1976. On February 27, 1976, pursuant to the terms of this contract, a non-refundable deposit in the amount of $14,600., representing one night's rental cost, was paid by Loyal Travel. However, Loyal Travel failed to pay the balance of $116,800. due on May 31, 1977. In an attempt to mitigate the losses resulting from the alleged breach, plaintiff began

---

1. Since matters outside the pleadings have been presented and not excluded by this court, I shall treat this motion as one for summary judgment. F.R.Civ.P. 12(b).

to accept bookings for these accommodations after learning of Loyal Travel's intent not to perform the contract, but still suffered damages in excess of $84,000. It is further alleged that Loyal Travel is a division of Greyhound, Ros was acting as an agent for Greyhound, and Greyhound is thereby bound by the terms of the contract.

The basis of Greyhound's motion is that Loyal Travel is a completely independent entity which was at no time acting as agent for Greyhound. See Affidavit of A. E. Pendleton, paragraphs 3–6; Affidavit of John Powell, paragraphs 4–5. Consequently, even if plaintiff could succeed in showing that an oral contract existed, Greyhound argues such contract would have existed solely between plaintiff and Loyal Travel.

Whether a relationship of principal and agent existed at the time this contract was executed is a question to be answered by reference to Pennsylvania law,[2] which includes the doctrine of apparent authority. *Revere Press, Inc. v. Blumberg,* 431 Pa. 370, 246 A.2d 407 (1968). The Pennsylvania Supreme Court has stated:

> Apparent authority is power to bind a principal which the principal has not actually granted but which he leads persons with whom his agent deals to believe that he has granted. Persons with whom the agent deals can reasonably believe that the agent has power to bind his principal if, for instance, the principal knowingly permits the agent to exercise such power or if the principal holds the agent out as possessing such power. *Id.* at 375, 246 A.2d at 410.

See also *Reading Co. v. Dredge Delaware Valley,* 468 F.2d 1161, 1163 (3d Cir. 1972); *Jennings v. Pittsburgh Mercantile Co.,* 414 Pa. 641, 202 A.2d 51 (1964). Pennsylvania law further provides that a principal who has invested an agent with apparent authority is bound to "third persons who have relied thereon in good faith." *Edwards v. Heralds of Liberty,* 263 Pa. 548, 551, 107 A. 324, 325 (1919); *Schenker v. Indemnity Ins.*

Co., 340 Pa. 81, 85, 16 A.2d 304, 306 (1940). See *Restatement (Second) of Agency* § 8, comment c (1958).

By way of affidavit, exhibit and deposition, sufficient material has been presented to show that Ros in his contacts with Hamza portrayed himself as a representative of Greyhound. For example, the stationery used by Ros describes Loyal Travel as a division of Greyhound. See Plaintiff's Answer to Motion to Dismiss of Defendant Greyhound Lines, Inc., Exhibit A. In addition, there is the testimony of Hamza concerning his discussions with Ros and the business card Ros used. Plaintiff's Exhibit P–2A, P–3; Deposition of Milos Hamza, pp. 8, 14.

The existence of any actual authority on the part of Ros and Loyal Travel to bind Greyhound is denied. Nonetheless, at least two factual issues concerning the doctrine of apparent authority remain unresolved: first, whether Greyhound Lines "knowingly permitted" Ros to represent himself as their agent; and second, whether Hamza, in good faith, relied on these representations.

Accordingly, Greyhound's motion to dismiss must be refused.

---

2. Although the parties did not raise any conflicts of law issue, it is clear that Pennsylvania law applies since place of performance governs the choice of law in a diversity action. *Klaxon v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).