Sweitzer *v.* Whitehead, Appellant.

Argued May 26, 1961. Before JONES, C. J., BELL, JONES, COHEN, BOK and EAGEN, JJ.

*Edward Youngerman,* with him *Harold Blumberg, Emanuel Weiss, Raymond Schlegel,* and *Jaffe and Blumberg,* for appellants.

*Forrest G. Schaeffer, Jr.,* for appellees.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, July 18, 1961:

This is an action in assumpsit instituted in the Court of Common Pleas of Berks County by Harry F.

Sweitzer and John Mele (appellees) against Donald E. Whitehead, Edward H. Land and Whitehead Equipment Corporation to recover damages for injuries sustained to certain equipment and the loss of other equipment as the result of a breach of an oral bailment contract. Upon issue joined, the matter was tried before the Honorable Albert S. Readinger and a jury and the jury returned a verdict in favor of appellees in the sum of $23,500 against not only Whitehead Equipment Corporation (Corporation) but also Whitehead and Land. Motions for judgment n.o.v. and a new trial were filed by the respective parties. All motions were discharged by the court below and judgment entered on the verdict. From that judgment, these appeals were taken.

The individuals, Whitehead and Land, maintain that in entering into the oral bailment contract they were acting solely as agents for "Land-Whitehead Equipment Co.", the predecessor of Whitehead Equipment Corporation and the imposition upon them of personal or individual liability was erroneous, hence they are entitled to judgment n.o.v. Their motion for judgment n.o.v. was refused by the court below on the ground that the issue whether they acted as principals or agents for a disclosed principal was, under the instant facts, primarily a question for a jury and that there was sufficient evidence to sustain the jury's finding that when Whitehead and Land entered into the oral bailment contract they acted as and were understood by appellees to be acting as principals rather than agents.

In passing upon this question, we must view the evidence and all reasonable inferences therefrom in the light most favorable to appellees, the verdict winners. On December 16, 1950, Whitehead and Land attended an auction sale in Connecticut which was being held by Sweitzer and Mele (appellees). At the close of the auction certain mechanized *sand handling equipment* and other allied equipment which had been put for

sale remained unsold. Whitehead approached Sweitzer, informed him that he was in the foundry business and asked him what he intended to do with the unsold equipment to which Sweitzer replied "that he wanted to sell or dispose of it naturally". Whitehead presented him with a card bearing the name of Land-Whitehead Equipment Co. and indicated that he was interested in disposing of the equipment for appellees on a commission basis. During the discussion, Mele, co-owner with Sweitzer of the equipment, and Land joined the group, the latter being introduced to appellees by Whitehead *as his partner*. Throughout the discussion neither Land nor Whitehead revealed that "Land-Whitehead Equipment Co." was in fact a corporation of which they were president and treasurer, respectively.

The parties agreed that Whitehead and Land would sell the equipment on a 15% commission basis and shipment of the equipment was made to Land-Whitehead Equipment Co. at Reading, Pa. according to the address on the name card given to Sweitzer. The equipment was never sold and, in November, 1954, when appellees retook possession and terminated the bailment some of the equipment was missing and that which remained was damaged and deteriorated. Neither Whitehead nor Land did, nor could, account for the condition of the equipment which remained or explain the absence of the missing equipment.

Giving *Sweitzer's* testimony the benefit of every inference, he knew neither Whitehead or Land personally but did know of Land-Whitehead Equipment Co. although he did not know whether it was incorporated or not. His knowledge of the entity known as "Land-Whitehead Equipment Co." came to him from professional or business advertisements known as "flyers". Sweitzer, acting for appellees, did not bother to investigate the status of either Land or Whitehead nor did he think it necessary to investigate "Land-White-

head Equipment Co."; no investigation at all was made either of the individuals or "Land-Whitehead Equipment Co." although to them were to be intrusted the custody of machinery at an estimated worth of $23,500.

Outside of the introduction of Land by Whitehead *as a partner* and the designation of "Land-Whitehead Equipment" as "Co.", without any designation of the latter as a corporation, there is nothing on this record which could possibly justify the assumption that appellees dealt with Whitehead and Land as individuals rather than as representatives of Land-Whitehead Equipment Co. Under such circumstances the evidence falls short of justifying its submission to a jury to determine whether reliance in the transaction was placed on the individuals as such rather than the entity. A reading of the evidence in its entirety and in the light most favorable to appellees indicates that it falls within the requirements of §4(1) of the Restatement (2d), Agency. "If, at the time of a transaction conducted by an agent, the other party thereto has notice that the agent is acting for a principal and of the principal's identity the principal is a disclosed principal".

When the name card was handed to Sweitzer bearing the name thereon of the entity Sweitzer knew or should have known that Whitehead was acting in a representative capacity. The mere statement that Land was Whitehead's partner created no partnership or justified Sweitzer in assuming the existence of a partnership in view of all the other circumstances.

To premise individual liability on the quantum of proof adduced by appellees would substitute conjecture and surmise for proof. On the basis of this record a judgment n.o.v. should have been entered as to Whitehead and Land.

Insofar as the corporation is concerned the evidence presented was sufficient *to justify submission to the* jury of its liability and judgment n.o.v. could not have been entered under the circumstances.

The corporation, however, seeks a new trial questioning the adequacy of the testimony as to damages, the instructions of the court as to damages and the admission into evidence of certain testimony.

The corporation urges that the proof of damages was inadequate and the testimony of Sweitzer, in that regard, speculative and conjectural. Sweitzer, as owner of the equipment (*Czerwinski v. National Ben-Franklin Fire Ins. Co.*, 138 Pa. Superior Ct. 84, 10 A. 2d 40; *Pavloff v. Clairton*, 146 Pa. Superior Ct. 158, 22 A. 2d 74) and as a foundryman with 21 years experience and additional experience in buying and selling used foundry equipment (*Wilhelm v. Uttenweiler*, 271 Pa. 451, 112 A. 94), was certainly competent and qualified to testify to the value of the equipment. He testified that the value of the sand handling equipment— if in the same condition at the termination of the bailment contract as it was when it was delivered to appellants—was $23,500. He further testified that the value of that equipment in the condition in which it was actually returned was $1,000 or $1,100—estimated scrap value. The value of the missing allied equipment was set by Sweitzer at $4,275. This testimony was sufficient and furnished a basis for submission of the issue of damages to the jury. While not abundant, it was competent and adequate.

Nor does the fact that there was no evidence introduced by the appellees of cost of repairing or replacing the equipment require the grant of a new trial. Indeed, it was the position of the appellees that the remaining equipment was usable only for scrap. Therefore, it is evident that, under their theory, the equipment could not be restored to its former condition and evidence of cost of repair was not required: *Crowley v. Snellenburg*, 89 Pa. Superior Ct. 263, 265. We find no error in this regard.

In respect to the charge of the court on the question of damages it appears that the instructions of the court

on that question are based entirely on the point for charge offered by appellants: "Next, if you find that the cost of replacing any lost equipment and putting the said conveyor system into good and usable condition at the time plaintiffs retook custody of it would have been less than the value of the system then your verdict cannot exceed the cost of the replacements and the repairs." We find no error in the instructions. Furthermore, counsel was given the opportunity to seek any additions, or clarifications in the charge and he did not do so. Under these circumstances—failing to seek any additional points for charge either before or after the charge and receiving an affirmance and instruction on the only point submitted in this regard and failing to take or make specific exception thereto—appellants cannot now be heard to complain that the instructions were deficient: *Burns v. Pennsylvania R.R. Co.,* 239 Pa. 207, 86 A. 786; *Hysong v. Kenny Transfer Co.,* 304 Pa. 102, 154 A. 922.

Appellants also complain of the admission of certain evidence. However, a review of the record in this regard reveals that such complaints were not voiced in the court below. They cannot therefore be raised or considered on this appeal: *Enfield v. Stout,* 400 Pa. 6, 161 A. 2d 22.

Our examination of this record indicates that there is no basis for a grant of a new trial. The court below acted with propriety in refusing a new trial as to the Corporation.

The judgment jointly entered below against Whitehead, Land and Whitehead Equipment Corporation is modified by excluding therefrom Whitehead and Land as individuals. Judgment, as modified, affirmed.

Mr. Chief Justice JONES would affirm the judgment entered in the court below without modification.