## Bucks, Appellant, *v.* Buckwalter.

Argued November 9, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*James P. Coho,* for appellant.

*Ralph M. Barley,* with him *John Paul Kershner,* and *Barley, Snyder, Cooper & Mueller,* for appellees.

OPINION BY MR. JUSTICE MUSMANNO, January 4, 1966:

Clarence S. Bucks, a real estate broker, entered into an agreement with R. D. Buckwalter, agent for the Manheim Township Development Co., to purchase for the corporation in Lancaster County, three tracts of land known as the Witmer Farm, with the understanding that Bucks would not receive an immediate broker's commission on the transaction but would become part of the joint venture.

Bucks was instrumental in purchasing the farm for the Manheim Township Development Company which, in March, 1957, obtained title to the property for a consideration of $34,000. In 1958, Buckwalter submitted to Bucks an unsigned agreement which proposed that the corporation "agrees to pay to Clarence S. Bucks one-half of the net profit realized from eventual sale of the said real estate. In the event that a loss is sustained on the eventual sale, such loss will be borne equally by both parties hereto. It is further agreed that all proceeds derived from the property, of whatsoever nature, are to accrue to the Corporation; that all expenses in maintaining, developing and protecting the property shall be borne by the Corporation and that the net profit or loss to be shared by both parties hereunder shall reflect the aforementioned proceeds and expenses, in addition to original purchase cost."

The plaintiff alleged that this unsigned agreement embraced the terms agreed upon by the parties.

In January, 1964, Bucks brought an action of assumpsit against Buckwalter and the Manheim Township corporation averring that in October, 1963, he had obtained a purchaser who was ready, willing and able to buy the Witmer Farm "if adaptable for the pur-

chaser's requirements," for $100,000, but that the defendants refused to accept the offer. He, therefore, claimed that there was due him one-half of the difference between the original purchase price and the declared reselling price, amounting to $33,000. Also that he was entitled to one-half of the income and rents from the property or, in the alternative, an accounting of profits.

Both defendants filed preliminary objections which were sustained by the Court of Common Pleas of Lancaster County, allowing the plaintiff to file an amended complaint which he did. Both defendants again filed preliminary objections. The averments in the amended complaint did not differ substantially from what had been averred in the original complaint. The Court sustained these preliminary objections also. It could not have done otherwise.

The amended complaint stated that "the Individual Defendant orally represented to Plaintiff that he was acting on behalf of the Corporate Defendant, and within the scope of his authority." Since there was no allegation that this did not represent actual fact, we accept as true Buckwalter's agency to act in behalf of the corporate defendant and it thus follows that Buckwalter could not be held personally responsible for what he performed as an agent: "No authorities need be cited in support of the familiar rule of law, that where one deals with an agent who acts within the scope of his authority and reveals his principal, the latter ordinarily is alone liable for a breach of the contract." *Rosenberg v. Clyde & Co.*, 2 Pa. Superior Ct. 572, 575.

The complaint against Buckwalter was properly dismissed. We agree also with the lower court in its determination that Buck's claim against the corporation defendant was prematurely begun. There was no allegation in the amended complaint that the corpora-

tion was bound to accept the offer made by the plaintiff in behalf of the unknown would-be-buyer. Bucks merely alleged that he had obtained an offer of an option to purchase, if the farm could be adapted to the prospective purchaser's purposes. He did not even allege that the farm could be so adapted. Thus, the defendant corporation breached no duty in refusing to sell and, in the absence of a sale, the plaintiff could not possibly demand one-half of the profits of a sale.

The same is true with regard to profits derived from operation of the farm. The writing referred to clearly indicates that any accounting which was to be made by the defendant company to the plaintiff as the profits or losses was to take place at the time of the "eventual sale of the real estate." That sale never took place. Until it does, the plaintiff has only a caterpillar in a cocoon.

Since the plaintiff has relied on a contract of which there has not yet been any breach, the question of unjust enrichment also raised by the plaintiff, is also in the cocoon.

Judgment affirmed.