## Sprague v. Eastwood Realty Company

*Charles E. McKissock*, for plaintiffs.
*Coleman Harrison*, for defendant.

OLBUM, J. March 8, 1971.—Defendant has filed a preliminary objection in the form of a demurrer to this complaint in trespass. The complaint avers that defendant, a real estate broker and agent, acting as agent of Penn Park Development Corporation, interested plaintiffs in the purchase of a dwelling house in Penn Hills Township, Allegheny County; that defendant, through its agents, servants and employes, assured plaintiffs, inter alia, that the building was "of sound construction and design and built upon stable ground"; and that plaintiffs, relying upon defendant's representations and assurances, purchased the property. It is further averred that within three years following the purchase, the embankment at the rear of the property began to "crack" and sub-

sequently the entire embankment slid into a ravine, cracking the foundation of the dwelling house; that the slide was caused by faulty construction of the dwelling house, poor workmanship and improper building methods and site preparation; and that defendant at the time of making the representations to plaintiffs knew, or should have known, that its representations were false, that the ground at the rear of the property was unstable, and that the site of the premises was not properly prepared. Plaintiffs aver that substantial and extensive repairs will be necessary to correct the defective conditions.

Defendant's first argument in support of its demurrer is that in its negotiations with plaintiffs it was acting on behalf of a disclosed principal, and therefore no liability can attach to the defendant-agent as a result of the principal's breach of contract. Although the principle of law is correct (Bucks v. Buckwalter, 419 Pa. 544), it is not pertinent to the instant action. Plaintiffs seek to recover damages from defendant resulting, not from a breach of contract by defendant's principal, but rather from defendant's own tortious conduct. "That a defendant was an agent acting for another is no defense in a suit to recover for his own or his servant's torts": Eckert v. Merchants Shipbuilding Corporation, 280 Pa. 340, 347. See also Kauffman v. Bols, 59 D. & C. 225; Shields Rubber Corporation v. Acklin, 108 Pitts. L. J. 495. In Shields, supra, the opinion by Ellenbogen, J., quotes the principles of law which are equally controlling here. One is found in Restatement, Agency, §343:

"An agent who does an act otherwise a tort is not relieved from liability by the fact that he acted at the command of the principal or on account of the principal, except where he is exercising a privilege of the

principal, or a privilege held by him for the protection of the principal's interests."

The second principle of law is found in Restatement, Torts, §888:

"A person whose conduct is otherwise a tort is not relieved from liability therefor merely by the fact that his conduct is pursuant to the command of or is on account of another."

Defendant next argues that the agreement of sale exculpates the defendant from any liability to plaintiffs. Defendant points to the two following provisions in the agreement in support of this contention:

"It is understood that Eastwood Realty Co. is acting as agent only in bringing the buyer and seller together and will in no case whatsoever be held liable to either party for the performance of any term or covenant of this agreement or for damages for non-performance thereof.

"It is understood between the parties hereto that the property herein sold has been inspected by the buyer, or his or their agent, and that the same is being purchased as a result of such inspection."

The first quoted paragraph is of no significance here because the disclaimer contained therein relates only to an action for breach of the agreement of sale. Because this is not an action for breach of the agreement, that provision is irrelevant.

The second quoted provision, the "inspection clause," is equally unavailing to defendant. Counsel for defendant suggests that plaintiffs are precluded, by virtue of the parol evidence rule, from raising the alleged misrepresentations of defendant because that is an attempt to vary, modify or supersede the provisions of the written agreement. It is true that the parol evidence rule has been rigidly applied in a long line of cases, most recently in Emperee v.

Meyers, 440 Pa. 430. However, the parol evidence rule has no applicability here because defendant is not a party to the written agreement. The parol evidence rule does not apply to strangers to a written agreement; "unless both parties [to a writing], or their privies, are the real contestants, the rule of [parol] evidence . . . has no application": Roberts v. Cauffiel, 283 Pa. 64, 69.

Moreover, even if this defendant were a party to the written agreement, plaintiffs would have a cause of action against it. In Berger v. Pittsburgh Auto Equipment Company, 387 Pa. 61, the defendant-lessee, in a petition to open a judgment confessed on a lease, claimed that plaintiff-lessor had misrepresented the weight-bearing capacity of the floor of the demised premises. The lease contained an inspection clause which provided: "The Tenant has inspected the premises and accepts the property in its present condition." In affirming the order of the lower court opening the judgment, the Supreme Court said, at pages 65-66, with respect to plaintiff's reliance on the inspection clause:

"This undoubtedly would be a valid argument as to any condition of the property reasonably ascertainable, but only as to such conditions can it be held that the tenant was bound by this provision . . .

". . . it would seem clear that, in the present case, defendant could not have been expected, nor would it have been practically feasible for it, to make tests of the strength of the flooring, a condition which could have been ascertained only by an expert engineer."

In Highmont Music Corp. v. J. M. Hoffman Co., 397 Pa. 345, the Supreme Court reaffirmed the above-quoted principle of Berger, supra, as it did again in Nadolny v. Scoratow, 412 Pa. 488. All of these cases

are readily distinguishable from Abrams, Inc., v. Wolkov, 371 Pa. 44, in which the buyer of an apartment building sought to avoid performance of his agreement on the ground that the seller had perpetrated a fraud on him by advertising that each apartment contained "2 tile baths," whereas, in fact, each apartment contained only one bathroom. The agreement contained an inspection clause which stated that the buyer entered into the agreement "as a result" of his inspection, and not "as a result" of any advertisement . . . or any other representation." The court held that the purchaser could not rely on the misrepresentation of the seller as to a fact determined by "the most cursory inspection."

The conclusion is inescapable that the alleged misrepresentations made by defendant in the instant case relate to conditions not reasonably ascertainable, particularly by lay persons, and that plaintiffs could not have been expected to make the tests necessary to ascertain the truth of defendant's alleged representations. We must, therefore, hold that the inspection clause is no bar to this action.

We perceive no merit in defendant's argument that plaintiffs have failed to state a cause of action. While the complaint is not a paradigm of artfulness in pleading, it does, in our opinion, state a cause of action in trespass for deceit under Restatement, Torts, §525. In Neuman v. Corn Exchange National Bank and Trust Company, 356 Pa. 442, 450, quoted in Savitz v. Weinstein, 395 Pa. 173, 177-78, the court said:

"The Restatement, Torts, §525, succinctly comprehends the ingredients of a cause of action for deceit in the following language: 'One who fraudulently makes a misrepresentation of fact, opinion, intention or law for the purpose of inducing another to act or

refrain from acting in reliance thereon in a business transaction is liable to the other for the harm caused him by his justifiable reliance upon the misrepresentation.' The rule is no different in Pennsylvania: see Hexter v. Bast, 125 Pa. 52, 71-72, 17 A. 252; Cox v. Highley, 100 Pa. 249, 252. To summarize,—there must be (1) a misrepresentation, (2) a fraudulent utterance thereof, (3) an intention by the maker that the recipient will thereby be induced to act, (4) justifiable reliance by the recipient upon the misrepresentation and (5) damage to the recipient as the proximate result."

The requirement of Pennsylvania Rule of Civil Procedure 1019(b) that fraud must be averred with particularity does not mean that a complaint must be skillfully drawn nor even that the averments of fact must be in logical and proper sequence. What the rule means is that facts constituting fraud must be averred, and that an averment of fraud as a mere legal conclusion is not sufficient. See Borelli v. Barthel, 205 Pa. Superior Ct. 442. The object of the rule is "to dispel 'the alluring generality of the term "fraud." ' " See Local No. 163, I. Union v. Watkins, 417 Pa. 120, 122. The complaint here sets forth all the essential ingredients of a cause of action for deceit. And it adequately explains the nature of plaintiffs' claim so as to permit defendant to prepare a defense. See Bata v. Central-Penn National Bank of Philadelphia, 423 Pa. 373, 379-380.

For the reasons we have discussed, we are of the opinion that the complaint states a valid cause of action which defendant is required to answer.

## ORDER OF COURT

Now, March 8, 1971, after argument, and upon consideration thereof and of the briefs of counsel, defen-

dant's preliminary objection in the form of a demurrer is overruled and leave is granted to defendant to answer the complaint within 20 days.