406 A.2d 1107

## VERNON D. COX & CO., INC.

### v.

### George E. GILES, Appellant.

Superior Court of Pennsylvania.

Submitted June 19, 1978.

Decided June 29, 1979.

412

---

David A. Binder, Reading, for appellant.
Jay N. Abramowitch, Reading, for appellee.

Before JACOBS, President Judge, and HOFFMAN, CER-CONE, PRICE, VAN der VOORT SPAETH and HESTER, JJ.

PRICE, Judge:

On March 4, 1974, appellee Vernon D. Cox & Co., Inc., filed a complaint in assumpsit against appellant George E. Giles alleging that the latter had failed to make payments required by contract in the amount of $2,500. A board of arbitrators awarded appellee that sum, and a subsequent jury trial resulted in an identical verdict adverse to appellant. Post-trial motions for a new trial were denied, and appellant now contends that the court below erred in refusing to sustain his demurrer to the evidence.[1] For the reasons stated herein, we agree with appellant and consequently reverse the order of the court below.

A demurrer to the evidence in a civil suit has the effect of admitting the truth of all the evidence advanced by the adverse party, and all reasonable and necessary inferences therefrom. *McKowen v. McDonald*, 43 Pa. 441 (1863); *Tucker v. Bitting*, 32 Pa. 428 (1859); 6 Standard Pennsylvania Practice 357–58 (1960).[2] Viewed in this light, the following evidence was proffered by appellee at trial. Vernon D. Cox testified that in 1971 he served as Vice-President and Treasurer of Vernon D. Cox & Co., Inc., a Pennsylvania business corporation involved in real estate development, appraisal, and management work. During the spring of that year, Mr. Cox was introduced to appellant in order to initiate negotiations designed to culminate in appellee corpo-

---

1. Appellant also contends that: (1) the verdict was not in accord with the weight of the evidence or the law; and (2) the court below erred in refusing to grant one of appellant's point for charge. Because of our disposition of appellant's initial argument, we do not reach the merits of these issues.

2. The demurrer to the evidence in civil actions is rarely resorted to in modern practice, having been all but superseded by the motion for compulsory non-suit. Nevertheless, it has been held that the two procedures are in practical effect identical. *See Stinson v. Smith*, 329 Pa. 177, 196 A. 843 (1938); 6 Standard Pennsylvania Practice 357–58 (1960).

ration's purchase of a tract of land in the Pocono Mountains. Mr. Cox and appellant held several meetings throughout the remainder of 1971, discussing various matters. On March 8, 1972, pursuant to prior conversations, Mr. Cox dispatched a letter to appellant detailing his firm's qualifications for appraisal work. In that letter, Mr. Cox quoted a price of $2,500 for the appraisal of two tracts of land totalling approximately 320 acres. The subject land was owned by Le Chateau Inn and Country Club, a Pennsylvania corporation which also owned certain buildings located on one of the tracts. Mr. Cox was cognizant of this, and was also informed that the appraisal was necessitated by Le Chateau's need to establish the fair market value of the land in anticipation of a sale and lease-back arrangement. Prior to March 8, 1972, Mr. Cox was additionally aware that appellant had some connection with Le Chateau, although he testified that he did not realize that appellant was, at the time, Le Chateau's chairman of the board. At no time during the negotiations for the appraisal was Mr. Cox specifically apprised of appellant's position with Le Chateau, or that the appraisal was being undertaken solely for Le Chateau. A short time subsequent to reception of the letter, appellant orally instructed Mr. Cox to proceed with the appraisal in accordance with the latter's correspondence and their personal understanding.[3]

**3.** Appellant also argues that the demurrer should be sustained because of a variance in the dates of the alleged contract as stated in the amended complaint and as testified to by Mr. Cox during cross-examination. Specifically, the amended complaint places contract formation on or about March 15, 1972. Mr. Cox, however, testified as follows on cross-examination:

"Q. [Counsel for Appellant] Do you know specifically when it [formation of a contract for appraisal] occurred?

A. I think my notes show about March the 7th.

Q. March the 7th?

A. Yes, sir.

Q. So it wasn't March 15?

A. March 15 is the date as of the valuation date. That has nothing to do with the contract as such."

N.T. 13.

Nevertheless, Mr. Cox subsequently testified, still on cross-examination, that as of March 8, 1972, there was no contract between appellant and Mr. Cox's corporation to perform the appraisal. N.T.

Following completion of the assignment, the bill for the agreed upon price was sent in June of 1972, not to Le Chateau, but to appellant personally. No payment was forthcoming, and on February 7, 1973, appellant informed Mr. Cox that the latter's services had been rendered to Le Chateau, and suggested that any billing be forwarded directly to that corporation. Mr. Cox testified that this was the first time he had been apprised that the work was being performed for a corporation, and that appellant believed himself to be acting solely as an agent of Le Chateau in contracting for the appraisal.

Appellant now maintains that the lower court erred in failing to sustain his demurrer, because the jury could not conclude from the evidence presented that he had personally entered into a contract with appellee. We agree. It is a basic tenet of agency law that an individual acting as an agent for a disclosed principle is not personally liable on a contract between the principle and a third party unless the agent specifically agrees to assume liability. *E. g., Revere Press, Inc. v. Blumberg*, 431 Pa. 370, 246 A.2d 407 (1968); *Geyer v. Huntingdon County Agricultural Assn.*, 362 Pa. 74, 66 A.2d 249 (1949); *Yentis v. Mills*, 299 Pa. 25, 148 A. 909 (1930); Restatement (Second) of Agency § 320 (1958).[4] Con-

14. While this is somewhat confusing, it appears that the initial agreement referred to on March 7, 1972, was merely an agreement to submit a proposal, or an agreement which resulted in the letter of March 8 to appellant detailing the price for the appraisal. As Mr. Cox noted when referring to that letter, "If he *wished* to hire me, these are the terms under which we would be employed." N.T. 14 (emphasis added).

At any rate, the testimony indicates that the time stated on the amended complaint was sufficiently specific to obviate any risk that appellant was deceived by the date advanced. Pleadings should be liberally construed, and it is generally not necessary to aver the specific date of contract formation if no confusion is engendered by the lack of specificity. *See* 2A Anderson, Pennsylvania Civil Practice § 1019.61 (1969). Moreover, when passing on a demurrer to the evidence, variances between pleadings and proof will not be critically examined. *See Emerick v. Kroh*, 14 Pa. 315 (1850).

4. The fact that a corporate officer cannot be held personally liable on contracts entered into while acting in his corporate capacity is a particular application of this principle. *See Revere Press, Inc. v.*

versely, an agent who consummates a contract without disclosing either the fact of agency or the identity of the principle will be considered to have assumed personal liability. *Revere Press, Inc. v. Blumberg, supra; Pennsylvania Company v. Clark,* 340 Pa. 433, 18 A.2d 807 (1941); Restatement (Second) of Agency §§ 321, 322 (1958). Instantly, the pivotal question is whether Le Chateau was a disclosed principle in the dealings between appellant and Mr. Cox.[5]

The Restatement (Second) of Agency § 4 defines a disclosed principal in the following terms: "If, at the time of a transaction conducted by an agent, the other party thereto has notice that the agent is acting for a principal and of the principal's identity, the principal is a disclosed principal." *See Sweitzer v. Whitehead,* 404 Pa. 506, 510, 173 A.2d 116, 119 (1961). The Restatement subsequently explicates that a person has notice of a fact when he has actual knowledge of it, has reason to know it, should know it, or has been given notification of it. Restatement (Second) of Agency § 9. While it would ordinarily be for the trier of fact to determine whether the requisite notice of disclosure existed, to premise individual liability in the present case on the quantum of proof adduced by appellee would substitute conjecture and surmise for proof. Mr. Cox knew of the existence of Le Chateau; he knew that it owned the land to be appraised and that it required the appraisal so as to acquire refinancing. He also knew that appellant was associated with the corporation on the basis of prior dealings. It is clear that on these facts, Mr. Cox knew or should have known that appellant was acting in a representative capacity.

*Sweitzer v. Whitehead, supra,* is factually similar and controls this appeal. In *Sweitzer,* Messrs. Whitehead and Land, defendants, attended an auction organized by Messrs. Sweitzer and Mele, plaintiffs. At the conclusion of the

*Blumberg,* 431 Pa. 370, 246 A.2d 407 (1968); *Bucks v. Buckwalter,* 419 Pa. 544, 215 A.2d 625 (1966).

**5.** There is no dispute that appellant possessed actual authority from Le Chateau to negotiate and sign the contract in question.

auction, certain equipment remained unsold. Mr. Whitehead approached Mr. Sweitzer and inquired as to the disposition of the unsold equipment. When the latter indicated that he wished to sell the residuary, Mr. Whitehead presented a card bearing the name of "Land-Whitehead Equipment Co." and indicated that he was interested in disposing of the equipment for the plaintiffs on a commission basis. During the discussion, Mr. Land was introduced as Mr. Whitehead's partner. Neither of the defendants revealed that the Land-Whitehead Equipment Co. was in fact a corporation of which they were president and treasurer respectively.

An agreement was reached and the equipment was shipped to the Land-Whitehead Equipment Co. The equipment was never sold, and when the plaintiffs retook possession, some of the equipment was missing, and the remainder was badly damaged or deteriorated. The defendants offered no explanation for either the missing or damaged equipment. The plaintiffs then brought suit against both Land-Whitehead Equipment Co. and Messrs. Land and Whitehead individually, alleging that the latter two had become personally liable on the contract. The case was tried before a jury, and the plaintiffs recovered a verdict against both the corporate and individual defendants.

On appeal, our supreme court ruled that submission of the agency issue to the jury was erroneous, and judgment non obstante verdicto should properly have been entered for the individual defendants:

"Outside of the introduction of Land by Whitehead *as a partner* and the designation of 'Land-Whitehead Equipment' as 'Co.', without any designation of the latter as a corporation, there is nothing on this record which could possibly justify the assumption that appellees dealt with Whitehead and Land as individuals rather than as representatives of Land-Whitehead Equipment Co. Under such circumstances the evidence falls short of justifying its submission to a jury to determine whether reliance in the transaction was placed on the individuals as such rather than the entity. A reading of the evidence in its entirety

and in the light most favorable to appellees indicates that it falls within the requirements of § 4(1) of the Restatement (2d), Agency. 'If, at the time of a transaction conducted by an agent, the other party thereto has notice that the agent is acting for a principal and of the principal's identity the principal is a disclosed principal'.

When the name card was handed to Sweitzer bearing the name thereon of the entity Sweitzer knew or should have known that Whitehead was acting in a representative capacity. The mere statement that Land was Whitehead's partner created no partnership or justified Sweitzer in assuming the existence of a partnership in view of all the other circumstances." *Sweitzer v. Whitehead, supra,* 404 Pa. at 510, 173 A.2d at 118–19 (emphasis in original).

Instantly, the indicia of agency are more persuasive than those in *Sweitzer.* Although in both instances the defendants failed to specifically delineate their relationship with their firm, Mr. Cox here possessed not only the same type of information present in *Sweitzer, i. e.,* that a corporation existed and that some connection existed between the defendants and the corporation, but that the appraisal was necessitated by a corporate requirement and that the corporation owned the land which was being appraised.

This situation is distinguishable from those such as *Delaware Valley Equipment Company, Inc. v. Granahan,* 409 F.Supp. 1011 (E.D.Pa. 1976). In that case, Mr. Granahan contracted with an agent of the plaintiff for the purchase of a fork-lift truck. During negotiations, Mr. Granahan failed to disclose that he was acting as an agent for his company, Advance Masonry, Inc. The quotation and invoices were signed by Mr. Granahan personally with no indication of an agency relationship. Invoices were addressed at Mr. Granahan's instance to Advance Masonry rather than Advance Masonry, Inc.[6] Most important, the plaintiff had no knowledge of the existence or identity of the corporation. Consequently, upon suit being instituted by plaintiff when no

---

6. We recognize that in the instant case bills were sent to appellant personally, but do not believe this point to be of substantial weight.

payment was forthcoming, the district court rejected the defendant's contention that his status as an agent of the corporation insulated him from personal liability on the contract.

In the present case, unlike *Delaware Valley*, Mr. Cox was conscious of the corporate existence, its purposes, and of appellant's connection with it. As in *Sweitzer*, this evidence did not justify submission of the issue to the jury.

The order of the lower court is therefore reversed.

HESTER, J. files a dissenting statement.

JACOBS, former President Judge, and SPAETH, J., did not participate in the consideration or decision of this case.

HESTER, Judge, dissenting:

I respectfully dissent. I would affirm on the opinion of Judge Wesner of the court below.