### Lemanski v. Genalo

*Geoffrey S. Worthington,* for plaintiff.
*Michael A. Ventrella,* for defendants.

ZULICK, *J.,* February 18, 2011—This case arises from a home improvement contract entered into between plaintiff Jeffrey M. Lemanski and defendant Roxanne Genalo, acting for co-defendant Kitchen and Home Design Gallery, Inc.

Plaintiff alleges that by agreement dated September 20,

2009, the parties arranged that Kitchen and Home Design Gallery, Inc. ("Kitchen") would renovate plaintiff's kitchen. Amended complaint, exhibit "A." The parties agreed to a contract price of $10,000, including costs of labor, materials, fixtures and appliances. *Id.* Plaintiff paid a deposit of $5,000 toward the renovation on the date of contracting. Original complaint, page 2, ¶ 5. Of the remaining balance, $2,500 was due upon delivery of the cabinets, $2,000 due upon installation of the countertop and $500 due upon completion of the project. Amended complaint, exhibit "A."

Plaintiff commenced this lawsuit on September 21, 2010 seeking compensatory, consequential and treble damages. He alleges that per oral agreements, defendants demanded (and he paid) extra money for extra work. Original complaint, page 2, ¶ 6. He claims that he has paid a total of $22,779 pursuant to the parties' contract and change orders, but defendants have not fulfilled their contractual obligations. *Id.*, page 2, ¶ 9.

On October 26, 2010 plaintiff filed an amended complaint. Defendant Genalo filed an answer and new matter to the original complaint on November 5, 2010. Kitchen filed preliminary objections to the amended complaint on December 14, 2010.

Genalo filed a motion for judgment on the pleadings ("motion") on December 6, 2010. Plaintiff filed a motion to dismiss Genalo's motion for judgment on the pleadings on January 5, 2011. The parties submitted briefs and argument was held on February 7, 2011.

### DISCUSSION

## I. *Judgment on the Pleadings*

Rule 1034 of the Pennsylvania Rules of Civil Procedure permits any party to move for judgment on the pleadings after the pleadings are closed and authorizes the court to enter such judgment or order as shall be proper on the pleadings. Pa.R.C.P. 1034.

A motion for judgment on the pleadings is similar to a demurrer, and may be entered where there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. *Kosor v. Harleysville Mutual Insurance Co.*, 595 A.2d 128,129 (Pa. Super. 1991) (citations omitted). In ruling on such a motion, the court must "confine its consideration to the pleadings and relevant documents." *Id.* (citation omitted). If a defendant moves for judgment on the pleadings, the court will consider all of the pleadings in arriving at its decision. *Herman v. Stern*, 419 pa. 272, 213 A.2d 594 (Pa. 1965).

### A. *Failure to State a Claim Upon Which Relief can be Granted as to Breach of Contract (Count I)*

In her motion, Genalo claims that plaintiff has failed to state a claim against her upon which relief can be granted. She observes that plaintiff "refers to 'defendants' in the aggregate" throughout the complaint, and fails to allege that Genalo "acted separately or apart" from Kitchen. Defendant's brief in support of judgment on the pleadings, page 3. Based on principles of Pennsylvania contract and agency law, Genalo asserts that she cannot be held individually liable for her conduct as corporate agent.

Pennsylvania courts have consistently relied on the

principles established by the Restatement of the Law (Second) Agency. "It is a basic tenet of agency law that an individual acting as an agent for a disclosed principle [sic] is not personally liable on a contract between the principle [sic] and a third party unless the agent specifically agrees to assume liability." *In re Estate of Duran*, 692 A.2d 176, 179 (Pa. Super. 1997) (quoting *Cox and Co., Inc. v. Giles*, 406 A.2d 1107, 1110 (Pa. Super. 1979) (citing Restatement (Second) of Agency § 320 (1958))). The Restatement (Second) defines a "disclosed principal" by way of the following framework: "at the time of a transaction conducted by an agent, the other party thereto has notice that the agent is acting for a principal and the principal's identity, the principal is a disclosed principal." Restatement (Second) of Agency § 4 (1958). "[A] person has notice of a fact when he has actual knowledge of it, has reason to know it, should know it, or has been given notification of it." *Giles*, 406 A.2d at 1110 (citing Restatement (Second) of Agency § 4 (1958)).

Here, plaintiff had notice that Genalo worked in the service of Kitchen. He has admitted that he knew of Kitchen's existence at the time of contracting and that it employed Genalo and empowered her to act as its agent. Reply to new matter, ¶¶ 8-9. He further acknowledges that the writing signed by plaintiff displays "The Kitchen and Design Gallery, LLC" in the header and that Genalo's name appears nowhere in the writing. *Id.* at ¶¶ 9-10. Based on these facts, plaintiff was put on notice that Genalo acted in her capacity as agent for Kitchen and not in her individual capacity. Kitchen, therefore, was a disclosed principal and Genalo is not personally liable on the contract.

Plaintiff argues that by virtue of Genalo's ownership of Kitchen, the relationship between defendants is indistinguishable and that "Kitchen" essentially is Genalo. He contends that the corporate veil should be pierced on that basis in order to pursue Genalo in her individual capacity. See *Miners Inc. v. Alpine Equipment Corp.,* 722 A.2d 691, 695 (Pa. Super. 1998) (explaining alter-ego theory of liability for piercing the corporate veil). Our appellate courts have set out the factors to be considered in disregarding the corporate form as follows:

. . .

undercapitalization, failure to adhere to corporate formalities, substantial intermingling of corporate and personal affairs and use of the corporate form to perpetuate a fraud. *Department of Environmental Resources v. Peggs Run Coal Co.,* 423 A.2d 765 (Pa. Cmwlth.1980), *Kaites v. Dept. of Environmental Resources,* 529 A.2d 1148, 1151 (Pa.Cmwlth.1987). See also *Watercolor Group v. Newbauer,* 360 A.2d at 207 (Pa. 1976) (corporate veil may be pierced whenever one in control of a corporation uses that control or corporate assets to further his personal interests). *Advanced Telephone Systems, Inc. v. Com-Net Professional Mobile Radio, LLC* 846 A.2d 1264, 1278 (Pa. Super. 2004).

However, Lemanski did not plead a claim to pierce the corporate veil so that matter is not properly before the court. Lemanski will be given leave to amend; otherwise the motion will be granted as to Count I, Breach of Contract.

## B. *Sufficiency of Pleading as to Fraud (Count II)*

Genalo asserts in her motion for judgment on the pleadings that count I as pled against her is insufficiently specific, and should therefore be dismissed for failure to state a claim upon which relief can be granted. She also contends that plaintiff's allegations of misrepresentations pertain to future performance and are also barred by the gist of the action doctrine.

Pennsylvania Rule of Civil Procedure 1019(b) establishes a heightened pleading standard for allegations of fraud. Pa.R.C.P. 1019(b) ("Averments of fraud... shall be averred with particularity."); see also *Martin v. Lancaster Battery Co.*, 530 Pa. 11, 13, 606 A.2d 444, 448 (Pa. 1992) (an allegation of fraud must "explain the nature of the claim to the opposing party so as to permit the preparation of a defense" and be "sufficient to convince the court that the averments are not merely subterfuge"). In determining whether fraud has been pled with sufficient particularity, a court must "look to the complaint as a whole." *Maleski v. DP Realty Trust*, 653 A.2d 54, 65 (Pa. Cmwlth. 1995).

The elements of a cause of action for fraud are:

(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6)...resulting injury [which] was proximately caused by the reliance. *Gruenwald v. Advanced Computer Applications, Inc.*, 730 A.2d 1004, 1014 (Pa. Super. 1999) (citation omitted); *Krause v.*

*Great Lakes Holdings, Inc.*, 563 A.2d 1182, 1187 (Pa. Super. 1989).

Here, plaintiff alleges that defendants made representations to plaintiff "that all work would be performed and completed by a time certain and that all work would be inspected and that all permits would be obtained." Original complaint, page 4, ¶ 21. These representations had to do with the future performance of the parties' agreement. However, "(a) promise to do something in the future, which promise is not kept, is not fraud. It is well-established that a cause of action for fraud must allege a misrepresentation of a past or present material fact." *Krause*, supra, at 1187. Genalo will be given leave to file a second amended complaint within 20 days to plead misrepresentation of a past or present material fact. Otherwise, Genalo's motion will be granted as to count II, Fraud.

## II. *Preliminary Objections*

Kitchen raises two preliminary objections. First, it asserts that count I is insufficiently specific, and therefore should be dismissed. Secondly, it contends that as to Count II, Fraud, Lemanski has not stated a claim upon which relief can be granted.

In considering preliminary objections, "all well-pleaded allegations and material facts averred in the complaint, as well as all reasonable inferences deducible therefrom, must be accepted as true." *Wurth by Wurth v. City of Philadelphia*, 584 A.2d 403, 407 (Pa. Cmwlth. 1990). Facts appearing in documents appended to and made a part of the complaint may be considered by the

court in determining the sufficiency of the complaint or claim. *Pleet v. Valley Greene Associates,* 538 A.2d 567, 569 (Pa. Super. 1988). The "court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Penn Title Ins. Co. v. Deshler,* 661 A.2d 481, 483 (Pa. Cmwlth. 1995). The "lower court has broad discretion in determining the amount of detail that must be averred since the standard of pleading set forth in Rule 1019(a) is incapable of precise measurement." *United Refrigerator Co. v. Applebaum,* 410 Pa. 210, 213, 189 A.2d 253, 255 (Pa. 1963).

A. *Sufficiency of Pleading as to Breach of Contract (Count I)*

Kitchen contends that some of the allegations against it in Count I, Breach of Contract, "are of such a general nature that defendant KHDG [Kitchen] cannot be said to have sufficient information to prepare a defense..." Defendants' brief in support of preliminary objections, page 3.

The plaintiff must state the material facts of a complaint "in a concise and summary form." Pa.R.C.P. 1019(a). The allegations "must apprise the defendant of the claim being asserted and summarize the essential facts to support the claim." *Estate of Swift v. Ne. Hosp. of Philadelphia,* 690 A.3d 719 (Pa. Super. 1996) appeal denied, 701 A.2d 557 (Pa. 1997).

Lemanski's amended complaint does not give Kitchen sufficient information to respond to the pleading. Lemanski claims that Kitchen has not "complete(d) the work."

Original complaint, page 2, ¶10. He does not specify what work was not completed, what permits and inspections were not obtained, and what work was not done in a good and workmanlike manner. He also does not identify what work was done by others to remedy Kitchen's breach, and does not itemize the specific damages he sustained as a result of the breach. These would include out of pocket expenses he has incurred to repair damage and the cost to properly complete the job. Accordingly, Kitchen's preliminary objection will be sustained.

### B. Failure to State a Claim Upon Which Relief can be Granted as to Fraud (Count II)

Kitchen argues that count II of plaintiff's complaint fails to make out a claim of fraud upon which relief can be granted. Plaintiff's claim for fraud is insufficient for the same reasons discussed above regarding Genalo. Specifically, the misrepresentations plaintiff complains of related to promises to do work in the future. The claim does not meet the heightened pleading requirements for fraud established by Rule 1019(b) of the Pennsylvania Rules of Civil Procedure. Accordingly, I will sustain the preliminary objection.

### ORDER

And now, February 18, 2011, upon consideration of the defendant Roxanne Genalo's motion for judgment on the pleadings and the preliminary objections of defendants Genalo and Kitchen and Home Design Gallery, Inc., it is hereby ordered as follows:

1. Plaintiff Jeffrey Lemanski is given leave to file

a second amended complaint if he is able to allege a cause of action for piercing the corporate veil and/or fraud against defendant Genalo in keeping with the accompanying opinion within twenty (20) days. Otherwise, defendant Genalo's motion for judgment on the pleadings will be granted.

2. Defendant Kitchen's preliminary objections are granted. Plaintiff is given leave to file a second amended complaint within twenty (20) days that satisfies the pleading requirements identified in the attached opinion.