## Michael v. First Valley Bank

*Donald Lipson,* for plaintiffs.

*Stanley Stettz* of *Fackenthal, Teel & Stettz,* for defendant.

GRIFO, J., March 6, 1972.—This matter is before the court on defendant's preliminary objections, in the nature of a demurrer, to plaintiffs' second amended complaint.

Stephen and Wanda Michael instituted this action to recover the sum of $40,000, allegedly owing from defendant. The second amended complaint avers, inter alia, that:

On or about September 3, 1954, plaintiffs, Stephen and Wanda Michael, and Wanda's mother, Mary Salwaroski, now deceased, entered into a joint lease agreement with the Peoples Bank of Bethlehem for the use of safety deposit box number 214 at the Peoples Bank of Bethlehem.

On and after September 3, 1954, plaintiff, Wanda Michael, and her mother, Mary Salwaroski, deposited therein several items of valuable personal property.

On or about July 22, 1958, decedent, Mary Sal-

waroski, owed, and still owes to plaintiffs, the sum of $40,000 pursuant to an agreement entered into on August 14, 1957.

It was further agreed between plaintiffs, Stephen Michael and Wanda Michael, and decedent, Mary Salwaroski, that the contents of safety deposit box number 214 at the Peoples Bank of Bethlehem were to become the property of Stephen Michael and Wanda Michael in satisfaction of the moneys owed them by Mary Salwaroski.

This fact was made known to the Peoples Bank of Bethlehem by and to its employe, Mr. DiRocco.

On or about July 22, 1958, defendant, by and through its agent, Robert S. Taylor, Jr., requested the Peoples Bank of Bethlehem and demanded on behalf of Mary Salwaroski the full contents of safety deposit box number 214. The Peoples Bank of Bethlehem contacted plaintiffs, Stephen Michael and Wanda Michael, and Mr. DiRocco was specifically told not to release any of the funds in the safety deposit box as it has become the property of plaintiffs as hereinabove set forth.

Despite the communication of this information, defendant acting by and for Mary Salwaroski wrongfully demanded and received the contents of the said safety deposit box and has refused, and still refuses to return the contents, or any part thereof, to plaintiffs.

Defendant has filed preliminary objections to plaintiffs' second amended complaint, averring that the complaint fails to state a cause of action because, in short, plaintiffs have not assigned any facts which indicate that the removal of the property by defendant was wrongful.

The question presently before this court is whether plaintiffs have stated a valid cause of action.

Pleadings are required to contain the material facts

on which a cause of action is based: Pennsylvania Rule of Civil Procedure 1019(a). Material facts are those which are essential to show the liability which the pleader seeks to enforce: *Curwood v. Curwood*, 38 D. & C. 2d 571 (1964). As we view the complaint, plaintiffs have not pleaded facts which demonstrate defendant's alleged liability. They have, rather, established for defendant a defense to this cause of action.

Under plaintiffs' theory, to maintain their action they must establish that defendant's receipt of the contents of the safety deposit box was without authority. However, paragraphs 10 and 11 of the second amended complaint establish that in making demand for and receiving said contents, defendant was acting on behalf of, and as agent for, Mary Salwaroski. The authority to enter and empty the safety deposit box is contained in the joint lease agreement entered into by Mary Salwaroski and Wanda Michael with the Peoples Bank of Bethlehem. That agreement provides that access to the box is permitted by any lessee without the consent of the other lessee. It is apparent that in demanding and receiving the contents of the box, defendant was acting within the scope of his authority as agent and for a disclosed principal.

Plaintiffs contend, however, that because defendant was informed that the contents of the box had become the exclusive property of plaintiffs, defendant's authority was voided. There is no merit in this contention. Even assuming, arguendo, that there was a valid contract between plaintiffs and Mary Salwaroski and that Mary Salwaroski breached that contract by causing the contents of the box to be removed, the rule of law is that where one deals with an agent who acts within the scope of his authority and reveals his principal, the latter is alone liable for a breach of the con-

488

tract: Bucks v. Buckwalter, 419 Pa. 544, 546, 215 A. 2d 625 (1966). Plaintiffs have alleged no facts which would remove this case from the operation of this principle of law. Nor do we believe that plaintiffs could ever allege facts sufficient to support this cause of action. Final judgment may be entered on a demurrer where the court concludes that the facts as stated exclude the possibility of recovery under any amendment of the statement of facts: Hoffman v. Misericordia Hospital of Philadelphia, 439 Pa. 501, 267 A. 2d 867 (1970); Schott v. Westinghouse Electric Corporation, 436 Pa. 279, 259 A. 2d 443 (1969). See also Schlosser v. Weiler, 377 Pa. 582, 105 A. 2d 331 (1954) holding that the court will enter a final judgment on preliminary objection when the plaintiff after filing two amended complaints is still unable to state a cause of action.

Accordingly, the court enters the following

ORDER OF COURT

And now, March 6, 1972, the preliminary objections of defendant, First Valley Bank, are hereby sustained. The complaint of plaintiffs, Stephen and Wanda Michael, is hereby dismissed with prejudice.